Schon WEBSTER, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–406.

Court of Criminal Appeals of Oklahoma.

Nov. 17, 1977.

Ron A. Callicott, Lawton, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, Schon Webster, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Comanche County, Case No. CRF–76–575, for the offense of Concealing and Withholding Stolen Property, in violation of 21 O.S.1971, § 1713. Her punishment was fixed at one (1) year imprisonment and from said judgment and sentence a timely appeal has been perfected to this Court.

At the non-jury trial, Paula Wallace testified that on February 15, 1976, she returned home about 12:30 a. m. and discovered that her apartment had been burglarized. Two stereo speakers and most of her clothing were missing. She testified that the defendant lived in an adjoining apartment and had visited in her apartment on numerous occasions; that on June 30, 1976, Doris Taylor returned three pairs of her stolen slacks to her apartment. Several days later, Ms. Taylor brought other items of the missing clothing to her. She identified three groups of clothing as being her personal property.

Doris Ann Taylor testified that she overheard a conversation between defendant and Stephen Haywood concerning Paula Wallace's clothes. Haywood asked defendant what she was going to do with the clothes and pointed up toward the attic. Defendant stated that she was thinking about selling them to one of her cousins. The witness said that on June 30, 1976, she was babysitting the defendant's children in the defendant's apartment; she looked into the attic and removed three pairs of pants. Several days later she removed other items of clothing and took them to Paula Wallace. She testified that Carol Johnson was with her the second time she was in the apartment.

Detective Bill May testified that on July 7, 1976, he obtained a search warrant to search defendant's apartment. He observed Officer Vasquez recover certain items of clothing from the attic of the apartment.

For the defense, Carolyn Johnson testified that she did not go into defendant's apartment on July 2, 1976, with Doris Taylor.

Ronald Elix testified that on the evening of June 30, 1976, he was with the defendant at her apartment. He remained there until 3:00 the following morning, and Doris Ann Taylor was not present at any time.

Stephen Wayne Haywood testified that he did not have a conversation with defendant concerning clothing in her attic.

Rose Alma Reed testified that on February 6, 1976, she observed Otis Smith standing near the front door of Paula Wallace's apartment. An officer later came to her door and asked her if she had seen anything.

Defendant testified that she did not have any knowledge that the clothing was in her attic. She denied having a conversation with Stephen Haywood concerning the clothing.

■ Defendant asserts in the first assignment of error that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the court or jury could reasonably conclude that the defendant was guilty as charged, we will not interfere with the verdict even though there is a sharp conflict in the evidence and different inferences may be drawn therefrom, since it is the exclusive province of the trier of facts to weigh the evidence. *White v. State*, Okl.Cr., 518 P.2d 1112

(1974). From the foregoing statement of facts it is readily apparent that there was sufficient competent evidence that the trial court could reasonably conclude that the defendant was guilty. We therefore find this assignment of error to be without merit.

Defendant contends in the final assignment of error that the punishment is excessive. We have consistently held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case and that we do not have the right to modify a sentence unless we can conscientiously say that under all the facts and circumstances the sentence is so excessive as to shock the conscience of the court. See, *Johnson v. State*, Okl.Cr., 386 P.2d 336 (1963).

We cannot conscientiously say that the sentence of one year imposed by the trial court is so excessive as to shock the conscience of this Court. However, my colleagues are of the opinion that because the defendant has small children the interests of justice would best be served by modifying the sentence from one year in the State Penitentiary at McAlester to one year in the County Jail of Comanche County. It has further been suggested that the trial court's attention should be called to the provisions of 22 O.S.1971, § 994, under which, upon application of counsel for the defense, the court may in a proper case suspend the judgment and sentence, either in whole or in part.

In accordance with these recommendations the judgment and sentence is modified from a term of one year in the State Penitentiary to one year in the County Jail, and as so modified the judgment and sentence is AFFIRMED. Counsel for the defendant is directed to consider filing an application under the provisions of 22 O.S.1971, § 994, supra.

CORNISH and BRETT, JJ., concur.